O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATARI D. MARTIN, ) | CASE NO. CV 13-00962 RZ |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, ) Acting Commissioner of Social Security, ) | |
| Defendant. ) | |

Plaintiff Catari D. Martin seeks to reverse the Commissioner's decision that she is not disabled.  Finding no error, the Court affirms.

The Administrative Law Judge found that Plaintiff had severe impairments of arthritis of the cervical and lumbrosacral spine, gout, headaches and depression. [AR 26]  Nevertheless, he found that she could return to her past relevant work as a customer service representative, and therefore was not disabled. [AR 31]  In this Court, Plaintiff does not address any findings concerning her physical ailments, focusing instead on assertions of error in connection with her mental impairment.

Plaintiff first asserts that the Administrative Law Judge erred in rejecting the opinion of her treating psychologist, Gunilla M. Karlsson, Ph.D.  The Administrative Law Judge stated that he gave "no weight to the overly generous assessment of Dr. Karlsson (Exhibit 31), because her assessment is not supported by the objective findings or the

record as a whole." [AR 29]  What is at issue is not Dr. Karlsson's diagnosis, for the Administrative Law Judge found, as noted, that Plaintiff had a severe impairment of depression.  Rather, what is at issue are the functional conclusions that Dr. Karlsson expressed in her opinion. [AR 600-03]  Among these were the statement that Plaintiff could be expected to miss more than four days of work per month, and that she was unable to meet competitive standards in the areas of taking instructions and dealing with normal work stress, as well as being limited, but not precluded, in certain other areas.  An opinion submitted to the Appeals Council did not make any material change.

        A treating physician's opinion is generally given deference over those of other physicians, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), but an Administrative Law Judge nevertheless may reject it if he provides specific and legitimate reasons for doing so.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Here, the Administrative Law Judge provided two overlapping reasons:  that the assessment was not supported by the objective findings, and that the assessment was not supported by the record as a whole.  Plaintiff asserts that lack of objective evidence is not a grounds for rejecting a physician's opinion, but this overstates the law; the Circuit has affirmed rejection of treating physicians' opinions based in part on their inconsistency with the objective medical evidence. *See, e.g.*, *Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Still, while there may be contrary objective evidence, as Defendant indicates in its brief, the Administrative Law Judge did not much explain which objective medical evidence ran contrary to the opinions of the treating physician.

        However, the Administrative Law Judge's decision did contain numerous references to the record evidence as a whole from which it was reasonable to infer that the limitations suggested by the treating physician were not appropriate. One very significant piece of evidence was that Plaintiff had applied for unemployment, a process that necessarily included her certification that she was able to work. Another significant piece of evidence was the fact that she left work not because of her impairments, but because she was terminated.  She also was attending college, and performed a number of chores and

other activities. Taken together, these were factors which supported the Administrative Law Judge's determination to give little weight to the conflicting limitations opined by the treating physician. And it is not important that these factors were not discussed in the same portion of the decision as the statement about the treating physician's opinion; the Administrative Law Judge simply has to discuss and evaluate the evidence, not organize his assessment in a particular way. *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001). Finally, the Administrative Law Judge's conclusion was reinforced by Plaintiff's testimony that she would not have to be in school as much as she is if she were receiving Social Security benefits. [AR 54]

Plaintiff also asserts that the Administrative Law Judge erred in determining that she could perform her past relevant work. That work, she now contends, is more stressful than her residual functional capacity would allow. Plaintiff posits a conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles and argues that therefore substantial evidence did not support the conclusion of the Administrative Law Judge.

In effect, Plaintiff asks this Court to interpret the Dictionary of Occupational Titles, determine that a listing there is the appropriate listing for Plaintiff here, then conclude that the listing conflicts with the Vocational Expert's testimony. The problem is that there is no evidence for what Plaintiff implies. The vocational expert is just that – an expert, and his expertise is grounds for an opinion upon which the Administrative Law Judge may rely. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Plaintiff's counsel at the administrative hearing made no challenge to his expertise, declining to voir dire the expert. [AR 55-56] Plaintiff's counsel did cross-examine the expert, and the expert explained that the description of Plaintiff's past relevant work was low-stress, as the Administrative Law Judge had defined it in the hypothetical question. This was a sufficient basis to support the Administrative Law Judge's decision, even in the absence of inquiry

///

///

as to the Dictionary of Occupational Titles. *Lind v. Astrue*, 370 Fed. Appx. 814, 817 (9th Cir. 2010); *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 & n.19 (9th Cir. 2007).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 13, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-